UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ROBERT MCKENZIE, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) CAUSE NO. 4:20-CV-259 RLM-DML |
| | ) |
| DOLGENCORP, LLC, | ) |
| | ) |
| *Defendant* | ) |

OPINION AND ORDER

Robert McKenzie brought this negligence action against Dolgencorp, LLC, after he slipped and fell at one of Dolgencorp's Dollar General stores. Dolgencorp moves for summary judgment, [Doc. No. 34], arguing there's no genuine issue as to whether it breached a duty of care. For reasons explained in this opinion, the court DENIES Dolgencorp's motion for summary judgment.

I. BACKGROUND

Robert McKenzie visited a Dollar General store in Sellersburg, Indiana, to do some shopping. It was raining when Mr. McKenzie approached the entrance to the store. A wet floor sign sat in the store's vestibule, but Mr. McKenzie didn't notice it because it was out of his line of sight. There also sat a rubber mat in the vestibule. The size and location of the rubber mat meant that Mr. McKenzie either had to walk across the mat or tiptoe around it. Mr. McKenzie entered the store, stepped on the mat, slipped, and fell to the ground. He was shocked at

how slippery the mat was, and surprised that water had pooled on the mat. He incurred medical expenses as a result of the slip and fall and sued Dolgencorp, which does business as Dollar General, for negligence. Dolgencorp moved for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, a court accepts the non-movant's evidence as true and draws all inferences in his favor. Id. at 255. Nevertheless, the nonmoving party is not entitled to "[i]nferences that are supported by only speculation or conjecture." Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir. 2008). The existence of an alleged factual dispute, by itself, won't defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007).

III. A<small>NALYSIS</small>

The court sits in diversity, so it applies state substantive law. Goesel v. Boley Int'l (H.K.) Ltd., 806 F.3d 414, 419 (7th Cir. 2015) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). The events in this case took place in Indiana and the parties agree that Indiana law applies.

In Indiana, a party claiming negligence must prove that the defendant owed a duty of care and that the defendant breached that duty of care, resulting in damages. Rhodes v. Wright, 805 N.E.2d 382 (Ind. 2004). A landowner owes a duty of reasonable care to protect business invitees. Burrell v. Meads, 569 N.E.2d 637, 639 (Ind. 1991). Both parties agree that Mr. McKenzie was Dolgencorp's invitee, so Dolgencorp owed him a duty of care.

Indiana defines the landowner-invitee duty of care according to § 343 of the Restatement (Second) of Torts. Rogers v. Martin, 63 N.E.3d 316, 322 (Ind. 2016). A landowner is liable to invitees for harm from a condition of the land if he:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (Am. Law Inst. 1965).

Indiana applies § 343A as well, which addresses known and obvious dangers. Merrill v. Knauf Fiber Glass, GmbH, 771 N.E.2d 1258, 1265 (Ind. Ct. App. 2002). Section 343A says, in relevant part, that "[a] possessor of land is not

3

liable to invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1). Knowledge of a danger means the invitee not only knew of the existence of the danger, but also recognized its dangerousness and the probability and gravity of harm. Miller v. Rosehill Hotels, LLC, 45 N.E.3d 15, 20 (Ind. Ct. App. 2015) (citing Restatement (Second) of Torts § 343A cmt. b). A danger is obvious if "both the condition and risk are apparent to and would be recognized by a reasonable person, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Id.

Dolgencorp argues it's entitled to summary judgment because: (1) the wet floor didn't create an unreasonable risk; (2) Mr. McKenzie can't show Dolgencorp should have expected him not to discover or realize the danger, or to be harmed despite knowing of the danger; (3) Mr. McKenzie has no evidence that Dolgencorp knew about the wet floor; and (4) allowing a trial would treat Dolgencorp as a general insurer for its invitees, contrary to Indiana law.

First, Dolgencorp argues the wet floor wasn't an unreasonable risk. A landowner can only be liable to invitees if a condition's risk of harm is unreasonable. Burrell v. Meads, 569 N.E.2d at 639–640. Dolgencorp argues that millions of Hoosiers trek rainy floors anytime it rains in Indiana, so a rainy store entrance isn't an unreasonable risk. It says that Cory Hancock's affidavit supports its position: Mr. Hancock, an assistant manager at the store, testified that no other customer slipped on the floor that day.

4

Mr. McKenzie disputes whether the floor wet floor created an unreasonable risk. He testified that the floor was "super slippery," and that it was "shocking" that it was slippery enough for him to fall. He also cites his testimony that there was a mat on the floor covered by a pool of water, suggesting that the mat wasn't as absorbent as it should have been. This, he says, creates a genuine issue as to the reasonableness of the danger.

Regardless of whether the average rainy floor creates an unreasonable risk, Mr. McKenzie has created a genuine issue as to whether Dolgencorp's wet floor was an unreasonable risk on the day he slipped and fell. He testified that the floor was more slippery than he expected, despite noticing the water, and that water was pooling, despite a floor mat. The floor's wetness is a question of fact, and a jury might credit Mr. McKenzie's testimony and find that the floor was more slippery than one would expect on a rainy day, creating an unreasonable risk. Dolgencorp isn't entitled to summary judgment on this basis.

Dolgencorp next says there's no issue as to whether Dolgencorp should have expected that Mr. McKenzie wouldn't discover or realize the danger, wouldn't protect himself against it, or would be harmed despite knowing about the slippery floor. Dolgencorp first invokes § 343(b), which makes a landowner liable only if the landowner "should expect that [invitees] won't discover or realize the danger, or will fail to protect themselves against it." Restatement (Second) of Torts § 343(b). Dolgencorp points out that Mr. McKenzie knew the floor was wet, so he did discover and realize the danger. If Mr. McKenzie knew of the danger, then Dolgencorp is liable only if should have expected that Mr. McKenzie

5

wouldn't protect himself against the slippery floor. Dolgencorp argues it's objectively reasonable to expect its patrons to protect themselves against a slippery floor on a rainy day, and there's no evidence Dolgencorp should have expected otherwise.

Dolgencorp invokes § 343A(1) as well, which imposes liability for a danger that is "known or obvious to [the invitee]," but only if the landowner "should anticipate the harm despite such knowledge or obviousness." Id. § 343A(1). Dolgencorp says Mr. McKenzie knew the floor was wet since he testified seeing the water on the floor, and contends Mr. McKenzie has no evidence that Dolgencorp should have expected Mr. McKenzie to be harmed even though he knew the floor was wet. Dolgencorp again appeals to the common occurrence of wet floors on rainy days—wet floors are so common on a rainy day, so Dolgencorp had no reason to think a patron who saw the wet floor would get hurt.

Mr. McKenzie cites evidence that he believes creates a genuine issue as to what Dolgencorp should have expected or realized. He cites his deposition testimony explaining that the floor was more slippery than he'd anticipated based on its appearance, and as well as his testimony that the only way of entering the store was by walking over the saturated floor mat. He cites Cory Hancock's affidavit and exhibit to say that the "caution wet floor" sign was placed outside the line of vision for a customer entering where Mr. McKenzie entered. He contends that the caution sign shows that Dolgencorp knew there was a risk of slipping and that Dolgencorp should have expected patrons to cross over the

6

slippery area since it was the store's only entrance. This, he says, creates genuine issue of fact under both § 343(b) and § 343A(1).

Mr. McKenzie has created a genuine issue as to Dolgencorp's expectations under § 343(b) and § 343A(1). Mr. McKenzie could prevail under § 343(b) if a jury inferred that the caution sign meant Dolgencorp knew of the risk, found that the sign was poorly placed, and found that Mr. McKenzie was right about the floor's surprising wetness. That jury could conclude that Dolgencorp should have anticipated that patrons wouldn't appreciate the risk or protect themselves against it. Those questions are for a factfinder at trial, not for the court at summary judgment. Likewise, Mr. McKenzie could prevail under § 343A(1) if a jury concluded that he didn't know the risk or that the risk wasn't obvious. An invitee must recognize a risky condition's dangerousness and the probability and gravity of harm to know of the danger. Miller v. Rosehill Hotels, LLC, 45 N.E.3d 15, 20 (Ind. Ct. App. 2015). A jury could credit Mr. McKenzie's testimony and find that the floor was more slippery than a reasonable person would expect, so Mr. McKenzie didn't appreciate the full risk, even if he knew it was raining. If the jury makes that finding, Mr. McKenzie wouldn't need to show that Dolgencorp should have anticipated the harm despite knowledge or obviousness. This issue, too, is for a factfinder at trial, not the court at summary judgment.

Dolgencorp then argues that Mr. McKenzie has no evidence of Dolgencorp's actual or constructive knowledge of the dangerous condition. A plaintiff must show that the possessor of land knew of the dangerous condition or would have discovered the dangerous condition with the exercise of reasonable

7

care. Schulz v. Kroger Co., 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012); Restatement (Second) of Torts § 343(a). Dolgencorp says that it didn't have actual or constructive knowledge of a wet floor because Mr. Hancock testified that the floor was dry after Mr. McKenzie fell.

Mr. McKenzie testified that the floor was shockingly slippery and water pooled over an insufficiently absorbent floor mat. Dolgencorp presents evidence that there was a caution sign in the vestibule, as well. A jury could view this evidence and conclude that Dolgencorp would have discovered the slipperiness of the floor had it more regularly inspected the area. This could be enough for Mr. McKenzie to prevail, even if Dolgencorp had no actual knowledge, since a landowner "will be charged with knowledge of . . . any dangerous condition which he could have discovered in the exercise of reasonable care." Lutheran Hosp. v. Blaser, 634 N.E.2d 864, 868 (Ind. Ct. App. 1994). That Mr. Hancock said the floor was dry doesn't mean Dolgencorp's entitled to summary judgment—a factfinder could reject Mr. Hancock's testimony and find that reasonable inspection would have alerted Dolgencorp to an excessively slippery wet floor.

Finally, Dolgencorp argues that it didn't breach any duty and imposing liability would make it an insurer for any slip and fall. It contends that it did the reasonable thing that any storeowner would do when it put out a caution sign on a rainy day. According to Dolgencorp, allowing a trial would create "an impossible standard" and make a store owner a general insurer for any patron who slips, contrary to Carmichael v. Kroger Co., 654 N.E.2d 1188, 1191 (Ind. Ct. App. 1995).

Again, Mr. McKenzie has created a factual dispute about the floor's condition. In cautioning against making store owners into general insurers, Indiana courts say that there must be evidence that a dangerous condition of the land caused a slip and fall—it's not enough for a plaintiff to slip and fall on another's property if there's no evidence of a dangerous condition that caused the fall. For instance, in Carmichael v. Kroger, Co., 654 N.E.2d at 1189, the plaintiff testified that she slipped and fell on a broken egg. The jury evidently didn't believe the plaintiff and returned a verdict for the defendant. Id. The court explained that imposing liability after finding no dangerous condition would make a store owner into an insurer, not that a store owner escapes liability if an employee testifies that there was no dangerous condition. Id. at 1991. Mr. McKenzie says the floor was excessively wet, and a jury that believes Mr. McKenzie rather than Mr. Hancock could return a verdict for Mr. McKenzie without transforming Dolgencorp into an insurer for accidents that are unrelated to its stores' conditions.

## IV. CONCLUSION

Dolgencorp's arguments for summary judgment each point to factual disputes to be decided by a jury, not a judge at summary judgment. Accordingly, the court DENIES Dolgencorp's motion for summary judgment.

SO ORDERED.

ENTERED:  August 15, 2022

/s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution:  All electronically registered counsel of record